## UNAUTHORIZED PRACTICE OF LAW, In re.
## SHIELDS, d. b. a. NATIONAL INVENTORS INSTITUTE, In re.

Common Pleas Court, Cuyahoga County.

No. 68167.  Decided September 19, 1958.

Arthur J. Stern, Albert R. Teare, AJS, Brooks W. Maccracken, AJS, Robert J. Fay, Court's Committee.

Austin B. Shields, Respondent.

McDonald, Hopkins, Hood & Hardy, Respondent's Counsel.

## OPINION

By HOOVER, J.

This day this cause came on for consideration by the Court upon the issuance of an order to Respondent, Austin B. Shields, to show cause why he should not be restrained from the practice of law, and upon the consent of Respondent to have judgment entered against him on the pleadings.

The Court finds that Respondent Shields has, in fact, rendered legal services for others in the course of his principal occupation as owner and operator of an invention firm known as National Inventors Institute. The Court finds that Respondent has held himself out as being legally qualified to render advice concerning the preparation, the filing and prosecuting of patent applications, amendments to applications and the drafting of contracts, affidavits of assignment and in determining the patentability of inventions. The Court further finds that Respondent has counseled and advised customers on legal matters concerning the preparing and filing of patent applications, amendments to patent applications and has rendered opinions concerning the patentability of inventions. The Court finds that Respondent has given legal advice concerning the requirements necessary in protecting one's invention from others. The Court finds that Respondent has held himself out as qualified and able to prepare and draft contracts in which Respondent had no direct and primary interest. The Court finds that Respondent Shields has acted or offered to act as an intermediary-intermeddler between customers and attorneys selected by Shields to perform legal services with regard to inventions. The Court finds that by performing such acts, and by holding himself out as qualified and able to perform such acts for others, the Respondent Shields has been engaging in the practice of law.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Austin B. Shields, dba National Inventors Institute, be, and he hereby is, permanently enjoined from performing and rendering for others, either directly or indirectly, for a fee or gratuitously, any of the following services:

In holding himself out as being legally qualified to render opinions, counsel and advice concerning the legal effect and requirements of law concerning the preparation, filing and prosecuting of patent applications, amendments to applications for letters patent, drafting of contracts, affidavits, assignments and determining the patentability of inventions; counseling or advising customers, or preparing and drafting patent applications, amendments to patent applications, contracts for the sale of inventions, affidavits of assignment; or the legal requirements necessary in protecting inventions from others, or otherwise engaging in the practice of law or rendering of legal services for others.

Provided, however, that nothing in this order shall be construed to enjoin the said Austin B. Shields from the practice of law in Ohio if and when he may be admitted, as an attorney, to such practice of law in Ohio, nor from any proper practice or acts in connection with patent law if and when he may be admitted to practice as a Patent Attorney or Patent Agent, by and before the United States Patent Office.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Respondent Shields shall pay the costs of these hearings. Record waived